IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GRANT MORRING and MICHELE MORRING, <br><br>  Plaintiffs, <br><br> v. <br><br> CHASE HOME FINANCIAL LLC; <br><br>  Defendant. | ) ) ) ) ) ) ) ) CASE NO. _____ ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendant Chase Home Finance LLC ("Chase") hereby gives notice of the removal of the above-styled cause from the Circuit Court of Mobile County, Alabama, wherein it is now pending as Case No. CV-2010-901090, to the United States District Court for the Southern District of Alabama, Southern Division. As its grounds for removal, Chase states:

**I.   Removal Is Proper and Timely.**

1. This is a civil action within the meaning of the Acts of Congress relating to the removal of civil actions, 28 U.S.C. §§ 1441 *et seq.* This action is properly removable under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division for Mobile County, Alabama, where the state action is pending. See 28 U.S.C. § 81(c)(2).

2. Plaintiffs initiated this action on or about May 16, 2010, by filing a complaint in the Circuit Court of Mobile County, Alabama, Case No. CV-2010-901090. Attached as Exhibit A are copies of the case information summary, case action summary, and all images from the circuit court's electronic filing system, including copies of all process, pleadings, and orders served upon Chase.

3. Chase was served with the complaint on May 19, 2010, within 30 days of the date of this filing. Accordingly, pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely filed.

## II.  This Court Has Diversity Jurisdiction Over This Action.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties to this case are citizens of different states and the amount in controversy exceeds $75,000.00.

5. The parties are completely diverse. Plaintiffs allege that they are residents of Mobile County, Alabama (Compl. ¶ 1), and therefore are considered citizens of Alabama for diversity jurisdiction purposes. Chase is a limited liability company organized under Delaware law. Chase's sole member is Chase Home Finance, Inc., which is Delaware corporation with its principal place of business in New Jersey. Accordingly, Chase is considered a citizen of Delaware and New Jersey for diversity jurisdiction purposes. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004).

6. The $75,000 amount in controversy requirement is met. In Count I, under the section labeled "TILA," Plaintiffs allege that they have rescinded the subject note and mortgage. (Compl. ¶¶ 37-38.) Plaintiffs also incorporate into their allegations a May 16, 2010, letter by their counsel to Chase purporting to rescind Plaintiffs' note and mortgage pursuant to a provision of the Truth in Lending Act, 15 U.S.C. § 1635. (Compl., Ex. A.) On that basis, in part, Plaintiffs seek to enjoin Chase from exercising its rights under the note and mortgage. (See Compl., Counts I & II.) Thus, the full value of the note and mortgage is in controversy in this action. See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc., 120 F.3d 216, 219-20 (11th Cir. 1997) (discussing circuit's adoption of plaintiff-viewpoint rule for determining amount in controversy).

7. Attached hereto as Exhibit B is a copy of the Plaintiffs' mortgage to Chase. The face value amount of the mortgage is $171,000.00. (Ex. B at 2.) Because Plaintiffs seek to rescind and have declared null and void their mortgage in the amount of $171,000.00, and thereby to prevent Chase from exercising its rights under the note and mortgage to collect Plaintiffs' debt to Chase, the amount in controversy requirement is met. See Rosen v. Chrysler Corp., 205 F.3d 918, 921-22 (6th Cir. 2000) ("in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy"); see also

Dixon v. Edwards, 290 F.3d 699, 710-11 (2002); Roberts v. Chandaleur Homes, Inc., 237 F. Supp. 2d 696 (S.D. Miss. 2002).

8. Plaintiffs also have alleged that Chase has accelerated their note and mortgage to maturity and demanded that they pay $183,470.95.  (Compl. ¶ 27.) Thus, even based on Plaintiffs' own allegations, without reference to the mortgage itself, the amount in controversy requirement is met.  See Mutual First, Inc. v. O'Charleys of Gulfport, Inc., 721 F. Supp. 281, 283 (S.D. Ala. 1989) (amount in controversy requirement in dispute involving commercial lease agreement met where rent arrearage exceeded jurisdictional minimum).

**III.   This Court Has Federal Question Jurisdiction over This Action.**

9. Plaintiffs expressly invoke the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and contend that they have rescinded the subject note and mortgage pursuant to that federal law.  (Compl. ¶¶ 34-39.)  On that basis, Plaintiffs seek a temporary restraining order (Count I) and permanent injunctive relief (Count II) to prevent Chase from exercising its rights under the note and mortgage.  This is the crux of the dispute in this case.  Accordingly, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Curtis v. Secor Bank, 896 F. Supp. 1115 (M.D. Ala. 1997).  The Court also has original jurisdiction pursuant to 28 U.S.C. § 1337, which confers jurisdiction "of any civil action ... arising under any Act of Congress regulating commerce...."  Sosa v. Fite, 465 F.2d

1227 (5th Cir. 1972) (holding that district court had original jurisdiction pursuant to § 1337 of claims arising under the Truth in Lending Act).

10. The Court may exercise supplemental jurisdiction over any nonfederal claims premised upon the same factual allegations as those underlying the federal claims.  See 28 U.S.C. § 1367(a); see also id. § 1441(c).

11. For the foregoing reasons, this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1337, 1367, 1441, and 1446.

**IV.   Other Requirements for Removal Have Been Satisfied.**

12. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being served on Plaintiff on this date.  A copy of this notice of removal is also being filed with the Clerk for the Circuit Court of Mobile County, Alabama, on this date as required by 28 U.S.C. § 1446(d).

13. Chase reserves the right to amend or supplement this notice of removal.

Date: June 18, 2010.

/s/ Harlan I. Prater IV
/s/ James F. Hughey III
/s/ Wesley B. Gilchrist
　　　Attorneys for
　　Chase Home Finance, LLC

OF COUNSEL:
Harlan I. Prater IV (PRATH7485)
*hprater@lightfootlaw.com*
James F. Hughey III (HUGHJ1698)
*jhughey@lightfootlaw.com*
Wesley B. Gilchrist (GILCW4083)

*wgilchrist@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
Telephone (205) 581-0700
Facsimile (205) 581-0799

## CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2010, a true and correct copy of the foregoing was served on the following via United States mail:

Charles J. Lorant, Esq.
FIELDS MCATEE LORANT LLC
2727 19th Place South, Suite 110
Birmingham, Alabama 35209

                                  /s/ Wesley B. Gilchrist
                                  OF COUNSEL